UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MIKE DALLY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Defendant. | 4:23-CV-04175-RAL<br><br><br>OPINION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

On May 18, 2026, this Court held a pretrial conference and motion hearing where, among other things, it heard argument on Defendant State Auto Property & Casualty Insurance Company's (State Auto) Motions in Limine, Docs. 34–45. Plaintiff Mike Dally opposes some of State Auto's motions in limine. Doc. 53. The facts and allegations in this case are familiar to this Court as a result of the Opinion and Order denying Motion for Partial Summary Judgment, Doc. 28. This Court now formalizes its oral rulings with this Opinion and Order.

## I. Legal Standard

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). Motions in limine "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective

1

instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtains from this Court a contrary ruling.

## II. Analysis

### A. Motion to Exclude Discovery from Harrington Case

State Auto moves to exclude references to and usage of discovery obtained in another matter, Harrington v. State Auto Property and Casualty Insurance Company, 23-cv-4190-KES[1], under Federal Rules of Evidence 401, 402, and 403 and the parties' stipulated Protective Order. Doc. 34. State Auto argues that Dally cannot rely on any discovery obtained in the Harrington matter because the evidence is irrelevant, undiscovered in this litigation, and subject to a Protective Order. Id. at 3–5. Dally does not oppose this motion in limine. Doc. 53 at 3. Therefore, this motion in limine is granted.

### B. Motion to Exclude References to "Biased" Expert

State Auto moves to exclude references that State Auto's expert, Lance LeTellier for Donan Engineering, is personally or through Donan Engineering a "regular vendor" or a "biased" expert that State Auto routinely hires. Doc. 35. State Auto contends that there is no discovery, and thus, no "substantial connection" to support the allegations that it hires "regular vendors" or

---

[1] The parties in the other matter are represented by the same counsel.

"biased" experts for favorable opinions. Id. at 6–7. Dally opposes this motion in limine. Doc. 53 at 3. He contends that State Auto's adjuster Carey Hubbard testified in his deposition that State Auto generally uses two engineering firms and relies solely on the firms' reports, without giving them a copy of the insurance policy, "to the exclusion of all other evidence." Id. at 3–4. Dally argues State Auto's use of the same engineering firm coupled with the incentive to pay as little as possible on claims "supports reasonable inferences and circumstantial evidence of bias and of State Auto's use of its preferred vendor." Id. at 7.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "Evidence of bias is relevant to impeach a witness." Russell v. Anderson, 966 F.3d 711, 730 (8th Cir. 2020) (citing United States v. Abel, 469 U.S. 45, 51 (1984)). "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This motion in limine is denied in part. Dally has elicited testimony in depositions that show LeTellier routinely works for insurance companies and that State Auto uses Donan Engineering as one of its authorized engineering firms. Doc. 51-2 at 18–19; Doc. 51-3 at 4. Evidence that Dally seeks to introduce regarding Donan Engineering's bias or its engineer LeTellier's bias is relevant to challenge the reliability of that engineering opinion. Cross-examination of LeTellier concerning past work of Donan Engineering and himself for State Auto

3

and on which side (insurer or insured) they routinely work is admissible on possible bias. See Russell, 966 F3d at 730 (citing Abel, 469 U.S. at 51).

## C. Motion to Exclude References to Improper Data Entry

State Auto moves to exclude references to State Auto's employees' improper data entry into the claim file. Doc. 36. State Auto argues that Dally has not produced any evidence supporting the claim that State Auto improperly entered data on his file making the claim irrelevant and unfairly prejudicial. Id. at 4–5. Dally does not oppose this motion in limine, Doc. 53 at 7, so the motion is granted.

## D. Motion to Exclude RoofHawk Report

State Auto moves to exclude all evidence related to the "RoofHawk" report provided by Good Faith Public Adjusting under Federal Rules of Evidence 403, 702, and 802. Doc. 37. State Auto argues that 1) Brandon Anderson of Good Faith Public Adjusting cannot testify to the contents of the RoofHawk report because he was not disclosed as an expert, 2) the RoofHawk report lacks an adequate foundation, 3) the RoofHawk Report will only mislead and confuse the jury, and 4) the RoofHawk report is inadmissible hearsay. Id. at 5–8. Dally does not oppose this motion in limine, Doc. 53 at 7, so the motion is granted.

## E. Motion to Exclude References to "Pattern and Practice" of Bad Faith

State Auto moves to exclude any reference to an alleged "pattern and practice of bad faith" as not relevant under Federal Rules of Evidence 401, 402, and 403. Doc. 38. State Auto contends that Dally has not gathered any evidence to support the assertion that State Auto has a "pattern and practice of bad faith[,]" making the assertion irrelevant and unfairly prejudicial. Id. at 4–5. Dally opposes this motion in limine. Doc. 53 at 7. He contends that State Auto systemically relies solely on its chosen engineering firms to the exclusion of other independent adjusters when making

4

coverage decisions and that State Auto's adjusters are incentivized to pay out as little as possible through an incentive plan tied to corporate profitability. Id. at 7–8. At the hearing, Dally's counsel argued additional bad patterns and practices were the refusal of State Auto to supply its independent adjuster's report to Dally despite his request and the failure to have the desk adjuster visit the property in person. Dally argues that this all "is part of a distinct scheme to deny insureds fair indemnification." Id. at 8.

This motion in limine is granted in part and denied in part. Dally may explore State Auto's engineering expert choice and reliance thereon, refusal and reason for the refusal to provide him with the independent adjuster's report, and the State Auto incentive plan known to those involved in the claim processing because such evidence could be relevant to whether State Auto has committed bad faith in its handling and partial denial of Dally's claim. The probative value of such evidence is not substantially outweighed by any of the dangers listed in Rule 403. Fed. R. Evid. 403. To this extent, State Auto's motion in limine is denied. However, Dally appears to have little evidence of a pattern and practice of bad faith generally at State Auto and whether Dally is allowed to make a closing argument that State Auto's handling of Dally's claim is part of a pattern or practice of bad faith will depend on the evidence at trial.

**F. Motion to Exclude References or Argument Related to "Cosmetic Damage"**

State Auto moves to exclude all references to "cosmetic damage." Doc. 39. State Auto contends the distinction between "functional" and "cosmetic" damage is irrelevant because its insurance policy covers cosmetic damage; rather the issue is what covered damage was caused by the May 2022 hailstorm. Id. at 3. State Auto argues that any mention of "cosmetic" versus "functional" damage will only confuse and mislead the jury. Id. at 3–4. Dally opposes this motion in limine, arguing that State Auto's engineer LeTellier's report differentiated "functional" from

"cosmetic" damage in assessing the property and that this distinction is crucial to determining whether State Auto committed bad faith by disregarding covered cosmetic damage. Doc. 53 at 8–10.

State Auto does not contest that the insurance policy covers cosmetic damage. See Doc. 39 at 1–2. This trial is not going to be a debate over whether the policy covers cosmetic damage. See Easley v. Am. Greetings Corp., 158 F.3d 974, 976 (8th Cir. 1998) (holding that court did not abuse its discretion by excluding testimony on undisputed element). However, Dally's theory is that State Auto adopted and relied upon an engineering report that caused it to exclude cosmetic damage. State Auto contests that. It is a jury question whether State Auto paid what it owed under the policy and part of that involves determining whether State Auto tendered a proper amount for covered cosmetic damage. What cosmetic damage stemmed from the weather event in May of 2022 is relevant. The probative value of evidence of cosmetic damage alongside functional damage is not substantially outweighed by the danger of confusing the issues, especially when it is undisputed that the insurance policy covers cosmetic damage. Fed. R. Evid. 403.

### G. Motion to Exclude Neighboring Properties Evidence

State Auto moves to exclude all references to damage to neighboring properties. Doc. 40. State Auto contends that this information is irrelevant to its handling of Dally's claim, and even if it were relevant, the danger of unfair prejudice substantially outweighs its probative value. Id. at 3–5. Dally opposes this motion in limine. Doc. 53 at 10–12.

State Auto's motion in limine is granted in part and denied in part. Dally is not allowed to testify regarding what neighbors and others may have told him about damage to their properties, how insurance carriers handled those neighbors' insurance claims, or how much money they received on their claims; such testimony is inadmissible hearsay. Dally has identified no neighbor

as a witness after all. Dally may, however, testify to his observations regarding the damage and subsequent repairs that occurred around his neighborhood in the aftermath of the hailstorm. See Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Fed. R. Evid 701 ("[T]estimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Insurance adjusters who visited Dally's property after the May of 2022 hailstorm similarly can testify to what they observed in the neighborhood. See Fed. R. Evid. 602, 701. To the extent State Auto seeks to exclude this evidence, its motion in limine is denied.

At the pretrial conference and motion hearing, the parties debated admissibility of an ISO report covering Dally's neighborhood that State Auto obtained after it was sued and a prior ISO report State Auto ran on Dally's property before suit. The ISO report generated before suit is admissible, and Dally may inquire about that report and about why an ISO report covering Dally's neighborhood was not run before the coverage decision. But there is a danger of unfair prejudice and confusion of the jury under Rule 403 for Dally to use the ISO report not obtained by State Auto until after suit as evidence that State Auto wrongfully denied part of Dally's claim or acted in bad faith.

## H. Motion to Exclude References to Liberty Mutual Insurance Company

State Auto moves to exclude references to Liberty Mutual Insurance Company (Liberty Mutual), or to State Auto being part of Liberty Mutual as an organization. Doc. 41. State Auto argues that Dally did not conduct any discovery on the issue and that State Auto's relation to Liberty Mutual must be disallowed at trial as it is unfairly prejudicial because it could lead a jury

7

to make decisions based on improper grounds with respect to State Auto. Id. at 2–4. Dally opposes this motion in limine. Doc. 53 at 13. He argues that his claim was handled by Liberty Mutual employees and that the employees were eligible for Liberty Mutual's incentive compensation plan. Id. Dally asserts this evidence is relevant to his bad faith claim. Id.

State Auto's motion in limine is granted subject to reconsideration at trial. Liberty Mutual and State Auto, even after the acquisition, remain separate and distinct entities. See Robinson v. Terex Corp., 439 F.3d 465, 468 (8th Cir. 2006) ("A parent corporation is generally not liable for the debts of its subsidiaries, and the doctrine of piercing the fiction of corporate identity should be applied with great caution.") There is a "strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." Brown v. Fred's Inc., 494 F.3d 736, 739 (8th Cir. 2007) (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1362 (10th Cir. 1993)). Liberty Mutual is not a named defendant to this action. Whether State Auto is a subsidiary of Liberty Mutual has little probative value to the issues to be decided in this case. Therefore, this evidence appears to be inadmissible under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, particularly if punitive damages become an issue given what this Court presumes to be a wide difference between State Auto's assets and Liberty Mutual's assets. Fed. R. Evid. 403. Yet, as mentioned above, Dally has a theory about how an incentive compensation plan offered to State Auto's employees affected claims handling as part of his bad faith claim, and it was unclear at the hearing whether that program was a single page that did not reference Liberty Mutual or a series of pages with the Liberty Mutual header on them. It is also less than clear whether those involved in claim processing were indeed Liberty Mutual and not State Auto employees.

## I. Motion to Exclude Evidence not Disclosed in Discovery

State Auto moves to exclude references to and usage of evidence not disclosed in discovery, specifically any evidence regarding the cost of Dally's May 2024 roof repair, under Federal Rule of Civil Procedure 37(c)(1). Doc. 45. Dally opposes this motion in limine to the extent it seeks to exclude the cost of his May 2024 roof repair. Doc. 53 at 13. Dally argues in his response that this evidence is relevant to his bad faith claim because it provides context on what information State Auto had, when it knew of that information, and what it did with that information. Id.

After questioning by this Court revealed that the May of 2024 roof repair cost less than some estimates, the discussion of this motion in limine at the pretrial conference and motion hearing caused the parties nearly to reverse their positions. After a debate over whether the repair cost should have been disclosed in discovery, Dally agreed to provide State Auto information on the 2024 roof repair and its cost. As discussed in ruling on the next motion in limine, this Court is inclined to allow in evidence all estimates of repair and the cost of actual roof repair in 2024 upon laying foundation for the information. This Court denies the motion in limine to exclude the 2024 roof repair information as it is relevant to the extent of damage and cost of repair, but otherwise grants this motion in limine.

### J. Motion to Exclude Roof Estimates

State Auto moves to exclude all evidence and reference to roof repair estimates in support of Dally's claim for breach of contract damages. Doc. 42. State Auto contends that these estimates are irrelevant and merely speculative because Dally has repaired his roof. Id. at 3–4. As State Auto sees it, since the roof was repaired, the estimates are no longer the "best evidence" of Dally's damages. Id. at 4. Dally opposes this motion in limine. Doc. 53 at 13–15. He argues that this evidence is especially relevant to his bad faith claim because "[b]ad faith is evaluated based on the

facts and law available to the insurer at the time it decided to deny, limit, or litigate the claim." Id. at 13.

State Auto's motion in limine is denied. The roof estimates are relevant to Dally's claims in showing what information State Auto had during the claim handling process about the extent of the damage and the cost of possible repair at the time of the alleged wrongful refusal to pay. The roof repair estimates are relevant to damages for the alleged breach of contract. State Auto contends that this probative value is substantially outweighed by unfair prejudice and the danger of misleading the jury. Doc. 42 at 4. This Court will instruct on the proper measure of damages which will alleviate State Auto's concern of misleading the jury on the proper award of compensatory damages on Dally's breach of contract claim.

## K. Motion to Limit or Exclude Testimony of Clint Schlinke

State Auto moves to limit or exclude testimony of Dally's designated expert witness Clint Schlinke under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals., Inc., 509 U.S. 579 (1993). Doc. 43. State Auto contends that this Court should exclude Schlinke's opinions regarding 1) State Auto acting in bad faith, 2) State Auto's compliance with the insurance policy, and 3) State Auto's e-mails. Id. at 6–10, 13–14. State Auto separately moves to exclude Schlinke's testimony that is directly contrary to established case facts. Id. at 10–11. State Auto finally asserts that Schlinke's testimony should be excluded because Schlinke does not possess the requisite knowledge, skills, experience, training, or education to offer expert testimony on State Auto's engineering expert reports. Id. at 11–13. Dally generally opposes this motion in limine. Doc. 53 at 15–16. Dally does not oppose State Auto's motion to the extent Schlinke is excluded from giving an opinion on one of the ultimate issues—State Auto's bad faith. Id. at 15. Dally, however, intends to call Schlinke to testify about State Auto's deviations from industry standards

10

by "(1) failing to pay for the storm-damaged roof in response to [Tim] Konderla's report; (2) failing to provide Dally a copy of that report; and (3) failing to adequately explain the denial and the effective change in coverage State Auto applied without support in the policy." Id.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Under Rule 702, the trial judge acts as a "gatekeeper" screening the evidence for relevance and reliability. Daubert, 509 U.S. at 597. "A witness who is qualified as an expert by knowledge, skill, experience, training or education" may testify if the expert's "knowledge will help the trier of fact understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The proponent of the evidence must demonstrate that the expert witness's testimony is "based on sufficient facts or data" and "the product of reliable principles and methods," and that the expert witness reliably applied those principles and methods. Id. Some factors a court may consider in deciding whether expert testimony is scientific knowledge that will assist the trier of fact include whether the knowledge can be tested, is subject to peer review, has a known or potential error rate, and is widely accepted in the scientific community. Daubert, 509 U.S. at 592–94. Another element that a trial judge may focus on is the proposed expert's personal knowledge or experience, which make him an expert. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150–52 (1999). The inquiry is flexible, but its "overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlies a proposed submission." Id. at 594–95. An expert is not permitted to testify about matters "beyond the expert's expertise" or personal experiences. Am. Auto Ins. Co. v. Omega Flex, Inc., 783 F.3d 720, 724–25 (8th Cir. 2015) (collecting cases).

"Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." Arcoren v. United States, 929 F.2d 1235, 1239 (8th Cir. 1991). "The rule clearly is

11

one of admissibility rather than exclusion." Sappington v. Skyjack, Inc., 512 F.3d 440, 448 (8th Cir. 2008) (citation modified). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." Wood v. Minn. Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997) (cleaned up and citation omitted). An expert's proffered evidence may be excluded based on considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Schlinke has a bachelor's degree in Agricultural Production Management. Doc. 47-22. Since attending college and teaching high school classes in 1999, Schlinke has been involved in the insurance industry. Id.; Doc. 47-21 at 1. Schlinke started as a property adjuster for State Farm Insurance Company (State Farm) in 1999 and worked as such for four years until he was promoted to Catastrophe Adjuster Trainer in 2004. Doc 47-21 at 1; Doc. 47-22. In 2005, Schlinke began working as an independent adjuster for Pilot Catastrophe Services (Pilot). Doc 47-21 at 1; Doc. 47-22. In his tenure with Pilot, Schlinke handled approximately 8,000 residential claims and 800 commercial claims, working on catastrophe claims covering fire, flood, hail, wind, and hurricane damage. Doc 47-21 at 1; Doc. 47-22. From 2015 to 2018, Schlinke worked as independent adjuster for CIS Claims, reviewing and correcting estimates from various insurance carriers for 300 Hurricane Harvey field claims. Doc. 47-22. Schlinke resumed working as an independent adjuster in 2022 for Best Claims, handling claims for State Farm. Doc. 47-22. Schlinke has worked in nineteen states and has completed training in: "Flood Catastrophe Certification, Earthquake Castastrophe Certification, Commercial Catastrophe Certification, Citizen's Independent Adjuster Certification, FEMA NFIP Certification, Commercial Property & Casualty Insurance, Commercial Crime Insurance, Business Income Insurance [and] Risk Control &

Management" and also an Associate in Claims designation. Doc. 47-21 at 1. Schlinke has significant professional experience and training in the property loss insurance industry.

Dally intends to have Schlinke testify about industry standards in the insurance business. Based on Schlinke's extensive background in the insurance industry, his personal knowledge, experience, and training qualify him as an expert on handling property loss claims. Kumho Tire Co., 526 U.S. at 150–52. Jurors may find Schlinke's testimony on insurance industry standards useful and thus, it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Some of Schlinke's expert testimony is permissible, and much of what State Auto argues provides fodder for cross-examination, rather than grounds to exclude Schlinke altogether. At the pretrial conference and motion hearing, Dally's counsel made statements about confirming Schlinke's opinions, leaving this Court inclined to await hearing Schlinke's testimony and ruling at that time whether foundation exists for whatever opinions have been disclosed and will be elicited from him.

### L. Motion to Exclude Miscellaneous Items

In State Auto's final motion in limine, State Auto seeks to exclude 1) exhibits not previously identified, 2) witnesses not previously identified, 3) settlement negotiations, 4) testimony from Dally's expert regarding any conclusions or opinions that have not been properly disclosed, 5) attempts to offer expert opinions by lay witnesses, 6) references to jury verdicts in similar cases and "Golden Rule" statements, 7) references to the community watching the jury or asking the jury to put themselves in Dally's position, 8) displaying proposed exhibits before allowing opposing counsel and the Court to review it, 9) reference to damages claims for which Dally has not produced any information in discovery, 10) reference to the expenses of litigation or attorney fees, and 11) reference to the length of time that it has taken to reach the trial. Doc. 44.

13

Dally does not object to subparts 1, 2, 3, 4, 5, 6, 8, 10, and 11.[2]  Doc. 53 at 16–19.  Therefore, subparts 1, 2, 3, 4, 5, 6, 8, 10, and 11 of State Auto's twelfth motion in limine are granted.  The rulings are made mutual, in the sense that State Auto likewise will not be able to introduce exhibits not disclosed, call witnesses not previously identified, introduce settlement negotiations, offer lay opinions, violate the Golden Rule, display exhibits not received in evidence, refer to the expense of litigation, or make an issue out of the time it took the case to get to trial.

In subpart 7, State Auto seeks to exclude references to the jury acting as the conscience of the community.  Doc. 44 at 3–4.  Dally contends that this exclusion is improper because "South Dakota law recognizes punitive damages as both punishment and deterrence."  Doc. 53 at 16.  In awarding punitive damages, a jury may consider the enormity of the harm, the potential harm, and the deterrent effect of punitive damages.  See Fiechtner v. Am. W. Ins. Co., 27 N.W.3d 746, 762–63 (S.D. 2025); Bertelsen v. Allstate Ins. Co., 796 N.W.2d 685, 698–99 (S.D. 2025).  The jury is allowed to consider the punishment and deterrent effect of punitive damages.  Whether Dally can argue that the jury should act as the conscience of the community is something the Court will consider if the jury finds bad faith and thus if the issue of punitive damages gets argued.

In subpart 9, State Auto seeks to exclude any reference to damages which Dally has not produced in discovery under Federal Rule of Civil Procedure 37(c)(1).  Doc. 44 at 5.  Dally contends that not "every claimed damage item must be reduced to a specific mathematical computation during discovery" and that Dally has alleged readily ascertainable contract damages of at least $159,192.77.  Doc. 53 at 17.  Dally argues that other damages have been ongoing and that his emotional distress damages are not easily calculatable.  Id. at 18.  This subpart is granted

---

[2] In Dally's response, he lists the subparts using lowercase letters a–k.  See Doc. 53 at 16–19.  For clarity, this Court will use the numbers as listed in State Auto's motion in limine.  Doc. 44.

other than the disclosure of the May 2024 roof repair, which this Court has ordered to be produced under Motion in Limine Number 9 above.

### III. Conclusion

Based on the foregoing, it is

ORDERED that State Auto's Motion in Limine, Doc. 34, is granted. It is further

ORDERED that State Auto's Motion in Limine, Doc. 35, is granted in part and denied in part as set forth herein. It is further

ORDERED that State Auto's Motion in Limine, Doc. 36, is granted. It is further

ORDERED that State Auto's Motion in Limine, Doc. 37, is granted. It is further

ORDERED that State Auto's Motion in Limine, Doc. 38, is granted in part and denied in part as set forth herein. It is further

ORDERED that State Auto's Motion in Limine, Doc. 39, is denied. It is further

ORDERED that State Auto's Motion in Limine, Doc. 40, is granted in part and denied in part as set forth herein. It is further

ORDERED that State Auto's Motion in Limine, Doc. 41, is granted. It is further

ORDERED that State Auto's Motion in Limine, Doc. 42, is denied. It is further

ORDERED that State Auto's Motion in Limine, Doc. 43, is granted in part and denied in part as set forth herein. It is further

ORDERED that State Auto's Motion in Limine, Doc. 44, is denied to the extent set forth herein. It is finally

ORDERED that State Auto's Motion in Limine, Doc. 45, is granted in part and denied in part as set forth herein.

DATED this ___20ᵗʰ___ day of May, 2026.

15

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE